[No. 34288.   Department One.   November 14, 1957.]

SPOKANE MERCHANTS' ASSOCIATION, *Appellant*, v. TACOMA
PLUMBING SUPPLY COMPANY, *Respondent*.[1]

*Thomas Malott, Sidney Schulein,* and *Arthur E. Florer,*
for appellant.

*Eisenhower, Hunter & Ramsdell* and *Ralph E. Franklin,*
for respondent.

MALLERY, J.—The plaintiff is the assignee for the benefit
of creditors of the insolvent Weisgerber Plumbing and Heat-
ing Company.  It was the prime contractor for the installa-
tion of the plumbing and heating equipment in a certain
building at Whitman College.  The defendant company fur-
nished the materials on that job.  It purported to have served
notice on the college that it had commenced to deliver ma-
terials on the job, as required by RCW 60.04.020 [*cf.* Rem.
Rev. Stat., § 1133].

[1]Reported in 317 P. (2d) 917.

Thereafter, the prime contractor, having fallen in arrears in payments for the materials, arranged with the college to have one of its payments for the job made by a check payable jointly to the prime contractor and the defendant materialman. The check, in the amount of $13,254.87, was delivered by the college on November 12, 1954. The prime contractor endorsed it, and the defendant materialman cashed it and, thereby, received its payment for the materials furnished to the college. This was within four months of an assignment for the benefit of the creditors of the prime contractor.

On October 1, 1954, the prime contractor made a payment with its own funds of $88.36 to the defendant, as and for the interest on the overdue payments for materials.

It was the plaintiff's position that the defendant materialman's notice of intention to claim a lien was defective, and, hence, a materialman's lien foreclosure action could have been defeated. It contended that this made the defendant materialman only an unsecured general creditor of the prime contractor. Since the defendant materialman was paid less than four months before the assignment for the benefit of creditors, the plaintiff, by this action, sought the return of the payment so made under the provisions of RCW 23.48.010(3), 23.48.030 [cf. Rem. Supp. 1941, §§ 5831-4, 5831-6].

From an adverse judgment, the plaintiff appeals.

This court is not agreed as to what effect the defect in the lien notice, which the appellant relies upon, would have had upon a lien foreclosure action, if there had been an occasion to assert it as a defense thereto. The defect, however, becomes academic in view of our holding that it was waived by the only party privileged to interpose it as a defense.

■ We hold that the college's voluntary payment to the respondent materialman for the materials constitutes a waiver of the defect in question. It, therefore, was not necessary to bring a lien foreclosure action for payment of the materials here in question, but, had there been, the appellant could not have intervened therein for the purpose of

interposing the defect in the notice as a defense to the action. Thus, with or without a foreclosure action, the appellant's rights herein are subject to the property owner's exclusive privilege of electing the course it chose to follow with regard to the defect.

The course followed, in the instant case, is well calculated to protect building owners from the risk of lien foreclosure actions and accords well with the purpose of the lien statutes. It is not for strangers to the transaction to intrude themselves for their private purposes into the owner-materialman relationship.

Regardless of the gravity of the defect in the notice, upon which we are not agreed, the respondent materialman *purported* to have lien rights. The college owner removed from controversy and possible litigation any question relating thereto by the direct voluntary payment for the materials.

The prime contractor's endorsement of the check, which paid the respondent materialman, did not pass the fund into its estate any more than a lien foreclosure would have done. Its estate, therefore, was not depleted by the prime contractor's consent to the direct payment of the materialman by the building owner. The appellant cannot recover the payment for materials from the respondent.

The interest payment of $88.36 came directly from the assets of the prime contractor and was not part of any payment from the college for materials. It was an unsecured debt owing from the prime contractor to respondent. Such a payment was a voidable preference for which appellant can recover.

The judgment is modified to the extent that this interest payment may be recovered, otherwise it is affirmed. The respondent will recover its costs.

FINLEY, WEAVER, and OTT, JJ., concur.

HILL, C. J., concurs in the result.

---

December 23, 1957. Petition for rehearing denied.